UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00454-WYD

ELYSE A. BOWERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff-Appellant's Application for an Award of Reasonable Attorney Fees and Expenses Under the Equal Access to Justice Act, 28 U.S.C .§ 2412 (filed May 29, 2008). Plaintiff's Application requests fees pursuant to the Equal Access to Justice Act ["EAJA"] in the amount of $6,498.68 for 38.20 hours of time.[1] Plaintiff requests an hourly rate of $169.37 for 2007 and $175.12 for 2008. The motion asserts that since Plaintiff has assigned any entitlement to the EAJA fees to her attorney, the fees should be paid directly to Plaintiff's counsel. Plaintiff attaches documentation to the Application that supports the fees and the reasonableness of same.

Plaintiff asserts that she was the prevailing party and argues that the Commissioner's position was not substantially justified. In a response filed June 12, 2008, the Commissioner opposes an award of fees, arguing that the Commissioner's

---

[1] Plaintiff's counsel deducted two hours of time in 2007.

position in this case was substantially justified. Further, the Commissioner argues that if EAJA fees are awarded, the amount requested by Plaintiff is excessive. A reply was filed by Plaintiff on June 16, 2008, which requests an additional 2.2 hours of time incurred in reviewing the response and preparing the reply. I find, for the reasons stated below, that Plaintiff's Application should be granted.

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id*. The term "position" includes the Government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit has held that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *see also Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high

degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565. The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" *Id.* at 566 (quotation omitted). However, a "position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct. . . . " *Id.* at 566 n. 2.

In this case, the Commissioner argues, among other things, that its position was substantially justified even though the Court found that the ALJ's final decision was not supported by substantial evidence since the ALJ considered the entire record, weighed the evidence, and resolved conflicts as he was required to do. Further, it is argued that Plaintiff did not establish disability within the meaning of the law, the ALJ properly applied the sequential evaluation process, the ALJ's assessment of Plaintiff's RFC was reasonable in fact and law, and the ALJ's analysis of opinions from consultative examiner Amy Garwood, M.D. and treating psychologist Noah Reaven, Ph.D. was reasonable in law and fact.

I reject the Commissioner's argument, and find that fees should be awarded under the EAJA because the position of the Commissioner and the ALJ was not substantially justified and the other requirements for an award of fees under the EAJA are met. First, I agree with Plaintiff that she had no obligation to establish that she was disabled as a prerequisite to apply for EAJA fees. Instead, I find that she was the prevailing party as she succeeded on significant issues in the litigation which achieved some of the benefits Plaintiff sought in bringing the suit (*i.e.*, a remand to the Commissioner for further factfinding). See *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Second, I find that the ALJ's decision was not reasonable as to some of the facts alleged and those facts did not necessarily support his legal theories. For example, as stated in my Order filed April 22, 2008, the ALJ picked and chose between findings in the uncontradicted medical opinion of Dr. Garwood, accepting only the parts that were favorable to a finding of nondisability. Further, he ignored other evidence in the record which supported her findings. As to Dr. Reaven, the ALJ did not properly weigh his opinion and ignored the evidence in the record which supported his findings, including findings of other consultative examiners. Indeed, I noted in my Order that Dr. Reaven and the consultative examiners all opined as to the existence of cognitive limitations and other mental impairments that were improperly disregarded by the ALJ. These were substantial errors that would result in a reasonable person not finding the ALJ's decision correct. Accordingly, I reject the Commissioner's argument that the ALJ's decision was substantially justified. I also find that there are no special circumstances which make an award of fees unjust.

I next address the Commissioner's argument that the amount requested by Plaintiff is excessive. I first note that the Commissioner does not challenge the hourly rate of Plaintiff's counsel. Instead, the Commissioner asserts that Plaintiff's counsel billed unreasonable amounts of time in connection with entries for telephone and attempted telephone conferences and review and/or preparation of procedural and administrative documents. Defendant argues that it is excessive for an experienced attorney who handles Social Security cases to bill this amount of time, exclusive of briefing or other pleadings, and to include billable attorney time for tasks that could be completed by a nonattorney or included as overhead expenses. Further, he argues that

to the extent that any of this time was spent on research, it would be in addition to and redundant to the amount of time subsequently logged for briefing.

Turning to my analysis, I first approve the hourly fee of counsel, finding that it is reasonable and appropriate under the EAJA. According to Plaintiff, the hourly rate is based upon the fixed starting rate under the EAJA of $125.00 (1st Half 1996 CPI-U All Urban Consumers - West Urban (includes Colorado) of 156.6), plus the cost of living calculated pursuant to the CPI-U, the United States Department of Labor's Consumer Price Index for all Urban Consumers - West Urban, as published by the Bureau of Labor Statistics, using the reported CPI-U closest to the time to the Judgement date by which to calculate the cost of living increase. The Bureau of Labor Statistics Data and the calculations for the hourly rate are attached as Attachment 2 to Plaintiff's Application. As noted above, the Commissioner does not dispute the hourly rate of counsel.

I next turn to whether the hours spent representing Plaintiff were "reasonably expended." *See Blum v. Stenson*, 465 U.S. 886, 901 (1984). I do not find the amount of time billed for telephone or attempted telephone conferences or the review and/or preparation of procedural and administrative documents to be excessive. Further, I reject the other arguments by the Commissioner as to why the fees are excessive and/or unreasonable. Having reviewed the itemization of fees attached to the Application, I find that the fees incurred were reasonably expended in this litigation. This case involved extensive briefing and review of a rather extensive administrative record. Indeed, I note that Plaintiff's Opening Brief was over 24 pages long. The case was thus more involved than many social security cases. Further, I note that Plaintiff's

counsel already deducted some of his time from the amount sought. I also award the 2.2 additional hours of time incurred by Plaintiff's counsel in reviewing the response and drafting the reply, finding that they were reasonably expended in this case.

I do, however, deduct time that was billed for clerical services, since such services do not require professional skill or expertise. *See Surge v. Massanari*, 155 F. Supp. 2d 1301, 1307 (M.D. Ala. 2001). Specifically, I decline to award fees for the following: .10 for receipt of designated record on May 15, 2007, and .50 for copying of the exhibit file on July 14, 2007. The amount of those fees which are deducted is $101.62 (.60 x $169.37). Deducting that amount from the $5,623.08 sought in 2007 results in an award of fees for that year of $5,521.46. I award the full amount of fees sought in 2008— $875.60 plus $385.26 (the additional 2.2 hours x $175.12). The total amount of fees awarded is $6,787.32.

Finally, however, I deny the request to pay the fees directly to Plaintiff's counsel. Despite the fact that Plaintiff has assigned the fees to counsel, the law is clear that EAJA fees are properly paid to the plaintiff and not to the attorney. This is because it is the prevailing party, and not that party's attorney, that is eligible for an award of attorney's fees under the statute. *Manning v. Astrue*, 510 F.3d 1246, 1250 (10th Cir. 2007). To the extent there is an assignment of fees from Plaintiff to her counsel, this must be addressed between the two of them.

Based on the foregoing, it is

ORDERED that Plaintiff-Appellant's Application for an Award of Reasonable Attorney Fees and Expenses Under the Equal Access to Justice Act, 28 U.S.C .§ 2412 (filed May 29, 2008) is **GRANTED** consistent with this Order. Plaintiff is awarded

attorney's fees in the amount of $6,787.32 pursuant to the Equal Access to Justice Act. Such fees shall be made payable to the Plaintiff.

 Dated: June 24, 2008

        BY THE COURT:

        s/ Wiley Y. Daniel
        Wiley Y. Daniel
        U. S. District Judge