UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00454-WYD

ELYSE A. BOWERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Unopposed Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 28 U.S.C .§ 406(b) (filed April 8, 2009). The motion requests 25% of Claimant's back benefits for both Plaintiff's counsel's attorney fee at the administrative level and the court level, totaling $8,407.25, less the amount of fees previously awarded under the Equal Access to Justice Act ["EAJA"]. The fees awarded under the EAJA were in the amount of $6,787.32.

By way of procedural background, I reversed the Commissioner's decision and remanded the case for further administrative proceedings by Order dated April 22, 2008. Judgment was issued that same day. Upon remand, the instant motion asserts that the ALJ combined Claimant's new claim for disability with the remanded disability claim and issued a partially favorable decision on February 18, 2009, finding Claimant disabled as of February 5, 2006.

Turning to my analysis, 42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . "  In this case, Plaintiff's counsel asserts that Plaintiff is entitled to past-due Title II benefits in the amount of $33,629.00.

Having reviewed Plaintiff's motions and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in the instant motion.  Plaintiff entered into a contingent fee agreement whereby counsel would be paid a contingent fee equal to 25% of past due benefits.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id.*

Plaintiff thus contracted with her counsel to pay 25% of past-due benefits, and the requested fee is reasonable because it reflects the contingent nature of the recovery.  I also find that the fee is reasonable because there was a substantial risk of loss in connection with the case, Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's position, and the results obtained were favorable to Plaintiff.  Finally, the motion requesting fees is unopposed by the Commissioner.  Plaintiff's counsel also asserts that if this motion is granted, he will pay to Plaintiff the $6,787.32 in EAJA fees as well as the administrative attorney fees, resulting in Plaintiff only paying

-2-

attorney fees in the amount of $1,619.93.  Based on the foregoing, it is

ORDERED that the Unopposed Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 28 U.S.C .§ 406(b) (filed April 8, 2009) is **GRANTED**.  In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded an additional attorney fee sum in the amount of **$8,407.25**.

Dated:  April 9, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge